**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Pamela E. Prescott, Esq. (SBN: 328243)
pamela@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Zachary Zermay

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY ZERMAY, **Individually and On Behalf of All Others Similarly Situated,** <br><br> **Plaintiff,** <br><br> v. <br><br> BCG ATTORNEY SEARCH, <br><br> **Defendant.** | **Case No.:** 2:22-cv-04778-FMO-AFM <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES IN DEFENDANT'S ANSWER TO COMPLAINT** <br><br> **Date:** December 1, 2022 <br> **Time:** 10:00 a.m. <br> **Courtroom:** 6D <br><br> **Judge**: Hon. Fernando M. Olguin |

## I. INTRODUCTION

Plaintiff Zachary Zermay ("Plaintiff") brings this Fed. R. Civ. P. 12(f) motion to strike two affirmative defenses, and a reservation of rights to assert additional defenses, in the Answer (Dkt. No. 12) filed by BCG Attorney Search ("Defendant"). This motion is timely filed, *see* Fed. Civ. P. Rule 12(f), after the Answer was filed on October 12, 2022 (Dkt. No. 12).

## II. INTRODUCTION AND BRIEF STATEMENT OF FACTUAL ALLEGATIONS

In 1991, Congress passed the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), in response to complaints about certain telemarketing practices. Compl., ¶ 2. In enacting the TCPA, Congress intended to give consumers a choice about how creditors and telemarketers may contact them. *See* TCPA, Pub.L. No. 102–243, § 11; *see also,* Compl., ¶ 3. Effective in July of 2021, the Florida Legislature enacted a comprehensive new telemarketing law that goes beyond the federal TCPA, often referred to as Florida's "Mini-TCPA." Compl., ¶ 4. This new Florida law, CS/SB 1120, updates the Florida Consumer Protection Law and the Florida Telemarketing Act. *Id.*

Plaintiff alleges, on behalf of himself and a proposed Florida class, that Defendant violated the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. §§ 501.059, *et seq.,* by negligently and/or intentionally contacting Plaintiff on his cellular telephone, without prior express written consent (among other violations under the statute). Pursuant to Fla. Stat. § 501.059(g) of the FTSA, solicitation phone calls or texts, including such calls or texts made utilizing automated dialing or pre-recorded messages, are expressly prohibited unless the caller has *prior express written consent of the called party.* Compl., ¶ 5. Further, the FTSA requires that, "[a]ny telephone solicitor who makes an unsolicited telephonic sales call. . . shall identify himself or herself by his or her true first and last names and the business on whose behalf he or she is soliciting." Fla. Stat. § 501.059(2).

In challenging the alleged unlawful conduct by Defendant, Plaintiff alleges two causes of actions under the FTSA–the first count for negligent violations of the FTSA and the second count for willful and/or knowing violations of the FTSA. Compl., ¶¶ 123-142. Plaintiff seeks on behalf of himself, and those similarly situated in Florida, an award of $500.00 in statutory damages for each negligent violation of the FTSA pursuant to Fla. Stat. § 501.059(10)(a) and an award of $1,500.00 in statutory damages for each knowing and/or willful violation of the FTSA pursuant to Fla. Stat. § 501.059(10)(b). Compl., ¶¶ 132, 142; *see also*, Prayer for Relief. Plaintiff also seeks injunctive and declaratory relief, attorneys' fees and costs, as well as pre-and-post-judgment interest. *Id*. at Prayer for Relief.

### III. TWO OF DEFENDANT'S AFFIRMATIVE DEFENSES ARE INSUFFICIENT, IMMATERIAL, OR IMPERTINENT, AND SHOULD BE STRICKEN WITH PREJUDICE

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. Civ. P. Rule 12(f). The asserted First (Failure to Mitigate) and Third (Good Faith) Affirmative Defenses along with the Reservation of Rights do not constitute an affirmative defense or are inapplicable defenses to the FTSA cause of action. At the very least, the defenses are immaterial and impertinent to Plaintiff's claims under the FTSA.

This motion to strike is in line with the goals of Rule 1 of the Federal Rules of Civil Procedure, which is to secure the just, speedy, and inexpensive determination of every action, including by eliminating from the action affirmative defenses that are inapplicable on their face. *See* Fed. R. Civ. Proc. 1. If the two inapplicable affirmative defenses were not stricken, Plaintiff would be prejudiced because it would require unnecessary written discovery in the form of Requests for Admissions, Interrogatories, and Requests for Production of Documents for each

alleged affirmative defense, as well as unnecessary topics of oral examination.[1]

Additionally, the two affirmative defenses may lead to confusion at trial if not struck at this stage. Allowing these unsubstantiated and invalid affirmative defenses of failure to mitigate and good faith to proceed will increase the special jury instructions and likely confuse the jury as to which claims, and defenses are actually at issue. *See Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011) (noting that a motion to strike should be granted if it "will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues").

Thus, Defendant's First and Third Affirmative Defenses, along with the improper Reservation of Rights, should be stricken with prejudice.

### A. Legal Standard

"An affirmative defense is defined as a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's … claims, even if all allegations in the complaint are true." *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV15-2057 FMO (SPx), 2017 U.S. Dist. LEXIS 183910, at *5 (C.D. Cal. Nov. 6, 2017), citing *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013). Essentially, "[a]n affirmative defense is one that precludes liability even if all of the elements of a plaintiff's claim are proven." *Neylon v. Cty. Of Inyo*, 2017 U.S. Dist. LEXIS 137212, at *8 (E.D. Cal. Aug. 25, 2017) (emphasis added).

A court may grant a Fed. R. Civ. P. 12(f) motion to strike if the insufficiency of the defense is clearly apparent (*5C Charles Alan Wright & Arthur R. Miller*, Federal Practice and Procedure § 1381 (3d ed. 2004)), such that it lacks merit "under any set of facts the defendant might allege." *McArdle v. AT & T Mobility*, LLC, 657

---

[1] "One proper discovery vehicle for seeking information regarding an affirmative defense is to serve a contention interrogatory under Federal Rules of Civil Procedure 33(a)(2) and then to serve a complementary request for production of documents supporting a defendant's affirmative defenses." *Baker v. Perez*, 2011 U.S. Dist. LEXIS 61828, *4 (E.D. Cal. June 9, 2011).

F. Supp. 2d 1140, 1149-50 (N.D. Cal. 2009), *rev'd and remanded sub nom. on other grounds*, *McArdle v. AT&T Mobility, LLC*, 474 F. Appx 515 (9th Cir. 2012).

The purpose behind a Rule 12(f) motion to strike is "to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial." *Wang v. Golf Tailor*, LLC, No. 17-cv-00898-LB, 2017 U.S. Dist. LEXIS 182839, at *11 (N.D. Cal. Nov. 3, 2017) quoting *Rosales v. FitFlip USA, LLC*, 882 F. Supp. 2d 1168, 1178 (S.D. Cal. 2012). Rule 12(f) permits allegations which are deemed "immaterial" to be struck. *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271 (N.D. Cal. 2015) citing *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

"Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." *Solis v. Zenith Capital, LLC*, No. C 08-4854 PJH, 2009 U.S. Dist. LEXIS 43350, 2009 WL 1324051, at *2 (N.D. Cal. May 8, 2009). "[T]he pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *5 C. Wright & A. Miller*, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). *See also J&J Sports Prods. v. Jimenez*, 2010 U.S. Dist. LEXIS 132476, *5 (S.D. Cal. Dec. 15, 2010) ("[M]any of the affirmative defenses are merely boilerplate recitations. Defendants have not provided any facts related to these defenses in the pleadings. Based on the pleadings, Plaintiff cannot know the intent or nature of the affirmative defenses pleaded.").

An immaterial affirmative defense is one that "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). Likewise, impertinent affirmative defenses "do not pertain, and are not necessary, to the issues in question." *Id.* "The function of a 12(f) motion to strike is to avoid the expenditure of time and money

that must arise from litigating spurious issues by dispensing with those issues prior to trial…" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal citation omitted).

A federal district court has broad power to strike any insufficient defense. *U.S. v. Iron Mt. Mines,* 812 F. Supp. 1528, 1535 (E.D. Cal. 1992) citing *U.S. v. 416.81 Acres of Land,* 514 F.2d 627, 630, n. 3 (7th Cir. 1975). Where the court "concludes that the defenses at issue are not affirmative defenses that must be pled or waived . . . the court will strike the affirmative defenses with prejudice." *Ahmed*, 2017 U.S. Dist. LEXIS 183910, at *9 citing *Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013).

### B. First Affirmative Defense: Failure to Mitigate

The asserted failure to mitigate defense fails because there is no duty to mitigate statutory damages under FTSA. The FTSA, like the TCPA, looks to the conduct of the calling party to assess whether there is a statutory violation. *See, e.g.,* Fla. Stat. § 501.059 (8)(a) (imposing liability on callers placing telephonic sales involving "an automated system for the selection or dialing of telephone numbers or the playing of a recorded message" with prior express written consent *regardless of it there is a prior business relationship*). *See also, Ahmed*, 2017 U.S. Dist. LEXIS 183910, at *6 ("[T]he court is not persuaded that failure to mitigate is an affirmative defense in a TCPA action"); *Trim v. Mayvenn, Inc.*, No. 20-cv-03917-MMC, 2022 U.S. Dist. LEXIS 63222, at *7 (N.D. Cal. Apr. 5, 2022) (finding a plaintiff has no duty to mitigate damages under the TCPA); *Powell v. W. Asset Mgmt.*, 773 F. Supp. 2d 761, 764 (N.D. Ill. 2011) (same).

"[C]ourts that have considered whether a plaintiff has a duty to mitigate damages under Section 227 of the TCPA have found there is no such duty." *Powell*, 773 F. Supp. 2d at 764; *see also, Jemiola v. XYZ Corp.*, 802 N.E.2d 745, 750, 126 Ohio Misc.2d 68 (Ohio C.P. 2003) ("The plaintiff has no obligation to mitigate damages since the amount of damages is specifically set by statute and is therefore

mandatory. In addition, mitigation of damages would undermine the legislative purpose by effectively rewarding the wrongdoer."); *Autoflex Leasing, Inc. v. Mfrs. Auto Leasing, Inc.*, 139 S.W.3d 342, 347 (Tex. App. 2004) (failure to mitigate argument "ignores prior FCC rulings holding just the opposite"); *Springer v. Fair Isaac Corp.*, No. 14-CV-02238-TLN-AC, 2015 U.S. Dist. LEXIS 154765, at *13 (E.D. Cal. Nov. 13, 2015) ("[T]he Court finds that the weight of available authority indicates that there is no duty to mitigate statutory damages in these cases."). The same rationale applies to the FTSA, which also specifically sets the amount of statutory damages by statute, with the ability for a court to award treble damages upon a finding of willfulness by the calling party. *See* Fla. Stat. § 501.059(10)(a)-(b).

Like the TCPA, the FTSA is a remedial statute that should be interpreted broadly to protect consumers. *See Leigue v. Everglades Coll., Inc.*, No. 22-cv-22307, 2022 U.S. Dist. LEXIS 191834, at *9 (S.D. Fla. Oct. 20, 2022) (noting "the FTSA, like its federal counterpart the Telephone Consumer Protection Act ('TCPA'), 47 U.S.C. § 227, is a consumer protection statute, and because it 'is remedial in nature, it should be construed liberally in favor of consumers.'"); *Munro v. King Broad. Co.*, 2013 U.S. Dist. LEXIS 168308, *8 (W.D. Wash. Nov. 26, 2013) ("[T]he TCPA is a remedial statute passed to protect consumers from unwanted automated telephone calls and messages and should be construed in accordance with that purpose."); *Gager v. Dell Fin. Servs.*, LLC, 727 F.3d 265, 271 (3d Cir. Pa. 2013) (same). Imposing a mitigation requirement for plaintiffs brining a claim under the FTSA would be contrary to the intent of the statute and the accompany damages scheme– which is designed to <u>protect consumers</u>. *Leigue*, 2022 U.S. Dist. LEXIS 191834, at *9. Such remedial statute does not support the existence of a mitigation defense.

At the very least, Defendant's First Affirmative defense is immaterial and impertinent to Plaintiff's claims. The FTSA mirrors the TCPA in many respects– both statutes essentially impose strict liability because an intentional violation is not

required to find liability (as even a negligent violation is sufficient). *Compare* Fla. Stat. § 501.059(10)(a) (providing for $500 in statutory damages for negligent violation of FTSA) *with* 47 U.S.C. § 227(b)(3)(B) (providing for $500 in statutory damages for negligent violation of TCPA). *See also, Armstrong v. Investor's Bus. Daily, Inc.*, No. CV 18-2134-MWF (JPRx), 2019 U.S. Dist. LEXIS 150169, at *25 (C.D. Cal. Mar. 12, 2019) ("[O]ther courts have concluded, and the Court is inclined to agree, that the TCPA essentially imposes strict liability.").

Defendant's allegations in support of its First Affirmative Defense that "Plaintiff's claims are barred in whole or in part, or any right to recovery limited, because Plaintiff failed to exercise reasonable care and diligence to avoid loss and minimize his alleged damages by contacting Defendant" (Dkt No. 12, pp. 19.), are immaterial and impertinent because they have no bearing on Plaintiff's claims for relief in the form of statutory damages and thus do not relate to issues in question. *See Scott v. Gate Gourmet, Inc.*, No. 2:20-cv-11033-CAS-JPRx, 2021 U.S. Dist. LEXIS 33020, at *10 (C.D. Cal. Feb. 22, 2021) (noting that in the context of a Rule 12(f) motion "immaterial" defenses have "no essential or important relationship to the claim for relief" and "impertinent" defenses are "statements that do not pertain, and are not necessary, to the issues in question"). Indeed, the Complaint does not seek any actual damages but rather "statutory damages" and injunctive relief. Prayer for Relief (Dkt. No. 1, p. 27).

Here, only *Defendant's conduct* is relevant to assess whether Plaintiff is entitled to relief under the FTSA. Fla. Stat. § 501.059(10); *see also*, *Holtzman v. Turza*, No. 08 C 2014, 2010 U.S. Dist. LEXIS 80756, at *16 (N.D. Ill. Aug. 3, 2010) (rejecting a defendant's defense that plaintiff was required to request the defendant to stop contacting him or request to be put on the do not call list as "nonsense" and not required by the TCPA). Since failure to mitigate is not a legally cognizable defense to the FTSA, and is inapplicable and impertinent, Defendant's First Affirmative Defense should be stricken with prejudice. *See generally, Springer,*

2015 U.S. Dist. LEXIS 154765 at *13 (addressing the TCPA).

### C. Third Affirmative Defense: Good Faith

Good faith is not a potential defense to a FTSA action. In support of this asserted defense, Defendant alleges that "Plaintiff's claim for treble damages is barred because Defendant did not willfully or knowingly violate the statute at issue." Dkt No. 12, pp. 19. As plead, Defendant concedes that even if, *arguendo*, that Good Faith were a valid defense to a FTSA claim (which Plaintiff contends it is not), it would at most, limit, *rather than preclude*, Plaintiff's statutory damages under the FTSA, making it an improper affirmative defense. *See Neylon*, 2017 U.S. Dist. LEXIS 137212, at *8; *see also, Ahmed*, 2017 U.S. Dist. LEXIS 183910, at *7 (citing cases that have held "there is no good faith defense against a TCPA claim" because it is a strict liability statute).

As noted above, the damages scheme under the FTSA is also similar to the statutory damages provided under the TCPA in that treble damages are available for willful violations and should likewise be treated as a strict liability statute. *See, e.g., Borges v. SmileDirectClub, LLC*, No. 21-cv-23011-DAMIAN, 2022 U.S. Dist. LEXIS 167007, at *8 (S.D. Fla. Sep. 15, 2022) (noting under the FTSA, an "[a]ggrieved parties can . . . recover actual damages or $500 per violation, whichever is greater" and noting like the TCPA "a court may triple these damages if the underlying violation is willful or knowing").

A finding of willful and/or knowing violation is a prerequisite for the trebling of damages, but intent is not a requirement for a standard statutory violation. *See* Fla. Stat. § 501.059(10). *See also*, *Read v. Cenlar FSB*, No. EDCV 21-504 JGB (SPx), 2022 U.S. Dist. LEXIS 3586, at *8 (C.D. Cal. Jan. 7, 2022) (in addressing the TCPA, noting there is no good faith affirmative defense for a statutory violation because "[a] failure to follow these requirements constitutes statutory violations, regardless of [the defendant's] intent."). In other words, the intent of the defendant is only examined <u>after</u> liability is established. *See Alea London Ltd. v. Am. Home*

*Servs.*, 638 F.3d 768, 776 (11th Cir. 2011) ("The TCPA does not require any intent for liability except when awarding treble damages.").

The FTSA, like the TCPA, includes no express defense or exception for callers who mistakenly believe they have the requisite consent. *See generally*, *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 882 n.3 (8th Cir. 2005) (TCPA: "'[t]he Act makes no exception for senders who mistakenly believe that the recipients' permission or invitation existed.' Intent is only relevant in determining whether treble damages should be awarded.").[2]

Thus, the Court should strike the good faith defense with prejudice, for it is inapplicable, immaterial and impertinent to a FTSA action for statutory damages.

### D.     Reservation of Rights

As to Defendant's reservation of rights to assert additional defenses, this too fails. It is improper because any attempt to add defenses must satisfy the applicable federal rules for leave to amend the pleadings under Fed. R. Civ. P. 15. Courts have expressly held that the mere reservation of affirmative defenses is not an affirmative defense. *See, e.g., Ahmed,* 2017 U.S. Dist. LEXIS 183910, at *8 ("With respect to. . . reservation of defenses, it, too, is not an affirmative defense because it does not absolve defendants of liability even if plaintiffs were to establish a prima facie case."); *E.E.O.C. v. Timeless Investments, Inc.*, 734 F.Supp.2d 1035, 1055 (E.D. Cal. 2010) ("A 'reservation of affirmative defenses' is not an affirmative defense."); *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 472 (S.D. Cal. 2013) (same); *Ernest Bock, L.L.C. v. Steelman*, No. 2:19-cv-01065-JAD-EJY, 2021 U.S. Dist. LEXIS 180801, at *21 (D. Nev. Sep. 22, 2021) (same); *Racick v.*

---

[2] It is also worth noting that the Federal Communications Commission stated in 2003, "we reject proposals to create a good faith exception for inadvertent autodialed or prerecorded calls to wireless numbers and proposals to create implied consent because we find that there are adequate solutions in the marketplace to enable telemarketers to identify wireless numbers." *In re Rules & Regulations Implementing the TCPA*, 18 FCC Rcd 14014, 14117-18, ¶ 172 (2003).

*Dominion Law Assocs.*, 270 F.R.D. 228, 237 (E.D.N.C. 2010) (same); *Cty. Vanlines Inc. v. Experian Info. Sols., Inc.*, 205 F.R.D. 148, 157-58 (S.D.N.Y. 2002) (same); *see also, Solis v. Zenith Capital, LLC*, No. C 08-4854 PJH, 2009 U.S. Dist. LEXIS 43350, at *19 (N.D. Cal. May 8, 2009) ("Defendants cannot avoid the requirements of Rule 15 simply by 'reserving the right to amend or supplement their affirmative defenses.' Accordingly, defendants' eighth affirmative defense is STRICKEN WITH PREJUDICE."). "Any attempt to add defenses must satisfy the applicable federal rule for leave to amend the pleadings under Rule 15 or 16 of the Federal Rules of Civil Procedure." *Brodetsky v. Sync Brokerage, Inc.*, No. CV 20-4297 PSG (JEMx), 2020 U.S. Dist. LEXIS 241328, at *6 (C.D. Cal. Dec. 22, 2020) (striking reservation of rights affirmative defense with prejudice).

Thus, such reservation of rights is improper and adds nothing to the Answer, and should be stricken with prejudice.

### E. Prejudice To Plaintiff If the Affirmative Defenses Are Not Stricken

If the asserted First and Third Affirmative Defenses are not stricken, Plaintiff would be prejudiced because, as noted above, Plaintiff would be required to engage in unnecessary written discovery for those alleged defenses as well as adding unnecessary topics for oral examination. Narrowing the issues before the parties engage in discovery saves time and expenses, which is in line with the goal of a motion to strike. *Wang*, 2017 U.S. Dist. LEXIS 182839, at *11, quoting Rosales, 882 F. Supp. 2d at 1178 (noting the purpose of Rule 12(f) is to avoid incurring unnecessary expenditures that result from litigation by removing invalid issues prior to trial). Allowing invalid affirmative defenses to proceed will also increase the special jury instructions and likely confuse the jury as to the relevant issues.

### IV. CONCLUSION

In conclusion, the Court should grant the motion to strike, with prejudice, the asserted First and Third Affirmative Defenses as well as the Defendant's Reservation of Rights in its Answer.

Dated: November 2, 2022          Respectfully Submitted,

**KAZEROUNI LAW GROUP, APC**

<u>*By: Jason A. Ibey, Esq.*</u>
Jason A. Ibey, Esq.
*Attorneys for Plaintiff*